J. Arbona & Hno., recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 914.—*Sometido:* Febrero 17, 1934. *Resuelto:* Mayo 31, 1934.

O. *Souffront*, abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

J. Arbona & Hno. celebró un contrato de refacción con Francisco Billoch y Ferrer en 6 de julio de 1928. El 11 de enero de 1934, las partes celebraron un nuevo contrato en el que, según sostienen, trataron de ampliar el contrato refaccionario anteriormente celebrado. La escritura dice, en efecto, que Billoch no estaba en condiciones de pagar los $3,000 originalmente garantizados y que había tomado de J. Arbona & Hno. la suma adicional de $1,405.31. En la

misma escritura las partes hacen contar que la finca sujeta al contrato de refacción quedaría sujeta al nuevo contrato celebrado. El Registrador de San Germán negó la inscripción, según nota en que se especifican ciertas cuestiones que es innecesario transcribir, y entonces sigue diciendo:

". . . Se funda esta denegatoria en las razones siguientes: PRIMERA: Porque en el contrato primitivo objeto de la ampliación, la mercantil J. Arbona y Hermano entregó en calidad de préstamo refaccionario a Francisco Billoch y Ferrer, por escritura de 6 de julio de 1928 ante el notario Oscar Souffront, la suma de $3,000, cantidad que se le entregó al referido Billoch para refacción sobre la hacienda cafetal nombrada 'Alerta', barrio Montoso de Maricao, comprometiéndose el referido refaccionario a pagar dicha suma en el mes de enero de 1929 con el interés del uno por ciento mensual; cuyo pago de capital e intereses se verificaría en el café que produjera la finca en la cosecha de 1929 (hecho quinto del contrato primitivo) y se gravaron por el refaccionario en garantía del pago de dicha suma del préstamo refaccionario antes indicado y de los intereses, todas las cosechas que produjese la finca mientras existiese la deuda, según la liquidación que resultare y que hiciere la acreedora sobre cualquier remanente de dicho crédito. SEGUNDA: Porque sin haberse hecho por la mercantil J. Arbona & Hermano la liquidación de la deuda de $3,000 del contrato anterior, para venir en conocimiento de lo que resultare adeudando de dicha cantidad el refaccionario Billoch, no obstante por el nuevo contrato de ampliación se hace constar de una manera definitiva una nueva suma de $4,405.31 para refacción agrícola para pagar en el mes de diciembre del pretérito año de 1933 con el interés del 8 por ciento anual en lugar del 1 por ciento mensual, alterándose así los términos, condiciones y circunstancias del primitivo contrato con el nuevo ampliado, sin tener en cuenta lo acordado o resuelto por el Honorable Tribunal Supremo en el tomo 8, página 249 y lo dispuesto en el art. 1172 del Código Civil. TERCERA: Porque si bien es cierta la existencia de la libre contratación, tal derecho no autoriza a los contratantes a ir más lejos de las reglas establecidas por el Código Civil que regula la eficacia y validez de los mismos, sobre todo en aquellos contratos que sean contrarios a las leyes, a la moral y orden públicos y a que se refiere el art. 1207 del repetido Código Civil. En este caso se han cambiado o modificado las cantidades dadas y recibidas a préstamo, una de $3,000 y otra de $4,405.31, estando sin liquidar la primera con modi-

ficación del interés, y consignándose en la cláusula séptima del contrato ampliado una forma violenta en que quedaría inexistente la prórroga concedida en el nuevo contrato, que no aparece en el anterior. CUARTA: Y porque según la jurisprudencia del Hon. Tribunal Supremo de España, en sentencia de 1867, según Ley 15, título 14, partida 5ta., y cuando se tiene contraída una obligación y se sustituye por otra, se hace una novación del primer contrato, y porque según sentencia también del Tribunal Supremo de España, de fecha 11 de junio de 1884, página 1050, existe novación de un contrato cuando se alteran las condiciones esenciales del mismo y cuando se celebra uno nuevo en lugar del primitivo. . .''

La recurrente sostiene que la nota debe ser revocada por las razones siguientes:

''(A) Porque de la propia nota denegatoria y en las últimas líneas de la misma, consta que los frutos de la finca a que se refiere el contrato de refacción agrícola prorrogado y ampliado, sólo soportan, según el Registro de Contratos Agrícolas, el gravamen a que se refiere el contrato prorrogado y ampliado por la escritura denegada, no existiendo por lo tanto condición alguna de tercero con derecho inscrito en el registro de la propiedad que pudiera resultar perjudicado por la inscripción de la ampliación y la prórroga del contrato.

''(B) Porque no pudiendo ser considerado en forma alguna el contrato de prórroga y modificación contrario a la ley, a la moral o al orden público, y siendo todos los pactos contenidos en el mismo lícitos, autorizados por la ley y con el consentimiento de las partes contratantes, el registrador carece de facultades para calificar la intención de las partes, el efecto del contrato y denegar la inscripción.

''(C) Porque la nota denegatoria del registrador de la propiedad recurrido infringe abiertamente las disposiciones le la Ley número 39, aprobada en 30 de abril, 1927, para enmendar las secciones 6 y 7 de la ley titulada 'Ley sobre Contratos de Refacción Agrícola, Molienda de Cañas y para otros fines,' aprobada en 10 de marzo de 1910, infringiendo asimismo el párrafo tercero. de la sección primera de la Ley número 37 de 10 de marzo del año 1910 sobre contratos de refacción agrícola. . .''

La recurrente entonces cita varias leyes aplicables a contratos de refacción y sostiene en distinta terminología que nada había que impidiera a las partes celebrar el contrato y que las diversas leyes le concedían ese derecho. En el curso

de su alegato la recurrente dice que es prácticamente innecesario citar autoridades para demostrar que el registrador está equivocado, y convenimos en ello. Es enteramente lógico que el registrador no ha indicado nada que niegue a las partes en este caso el derecho a alterar los términos del contrato por ellas celebrado. El registrador puede estar en lo cierto respecto a que lo que se hizo aquí fué una novación del contrato, pero calificar de novación un contrato no equivale en forma alguna a decir que las partes no pueden celebrar una novación, si así lo desean, siempre que con ello no se perjudique a terceros. Nada hay en las escrituras o en la nota que se transcribe que demuestre que alguien pudiese haber sido lesionado o perjudicado por la inscripción, a no ser las mismas partes contratantes, y ellas no se quejan, ni probablemente creyeron que tenían razón alguna para quejarse.

*Debe revocarse la nota recurrida y hacerse la inscripción.*