ARTURO LLUBERAS RODRÍGUEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 927.—*Sometido:* Junio 15, 1934.   *Resuelto:* Junio 26, 1934.

L. *López de Victoria,* abogado del recurrente;   el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Este recurso gubernativo ha sido interpuesto por haberse negado el Registrador de la Propiedad de San Germán a inscribir una escritura de prórroga de plazos de una hipoteca por entender que sus estipulaciones son de tal naturaleza que novan y extinguen la hipoteca que está inscrita.

Diego Vélez Gotay y su esposa Julia Franceschi Antongiorgi otorgaron escritura pública el 16 de junio de 1931 en la que reconocieron deber a Herminio Vélez Gotay la cantidad de $3,319 y para garantía del pago de esa deuda constituyeron hipoteca sobre una casa de su propiedad radicada en Yauco. Las estipulaciones de esa escritura son las siguientes: que el pago de la deuda sería hecho en tres plazos anuales en los días 16 de junio de los años 1932, 1933 y 1934: que la cantidad debida devengaría intereses del 10 por ciento al año pagaderos por anualidades vencidas: y que los dueños de la casa renunciarían y renunciaron su derecho de hogar seguro en ella.

En 30 de abril de 1933 estaban vencidos los dos primeros plazos de esa hipoteca y $181 de intereses sin haber sido pagados y en ese día el acreedor hipotecario y su esposa cedieron todo el crédito y los $181 de intereses a Arturo Llúberas Rodríguez, siendo inscrita esa cesión en el registro de la propiedad, haciéndose constar en la nota de inscripción que dicho crédito no se encuentra gravado con carga alguna.

En la misma fecha de la cesión del crédito Arturo Lluberas Rodríguez y su esposa otorgaron otra escritura con Julia **Franceschi Antongiorgi**, a quien disuelto su matrimonio por divorcio le fué adjudicada la casa hipotecada. En ese documento convinieron las partes en la prórroga de la hipoteca mediante las siguientes estipulaciones: (A) se convino en que la hipoteca será pagada en siete plazos anuales empezando el primero de mayo de 1935 y terminando en 1941: (B) que el tipo de interés quedaba reducido al 8 por ciento al año pagadero por anualidades vencidas: (C) que los $181 de intereses vencidos y no satisfechos serán pagados el primero

de mayo de 1935 con interés del 8 por ciento al año: (D) por la prórroga y por la rebaja en los intereses, la deudora se comprometió a tener asegurada la casa contra incendio: (E) aceptó la deudora que vencidas dos anualidades de intereses sin ser pagadas quedaría vencida toda la deuda pudiendo ser ejecutada: (F) que dejados de pagar dos plazos del capital también quedaba vencida toda la deuda: y (G) que igual vencimiento de la hipoteca produciría el dejar de asegurar la casa contra incendio. Por la estipulación (H) la deudora renunció su derecho de hogar seguro y en la (I) se consignó que con las prórrogas y modificaciones convenidas quedará en vigor la hipoteca que estaba constituída.

El recurrente y el registrador han dedicado sus alegatos en este caso a sostener el primero que la escritura cuya inscripción ha sido negada no constituye una novación de la hipoteca inscrita, mientras que el segundo sostiene que se trata de una novación y que para inscribirla deben las partes acordar la cancelación de la hipoteca original.

En el caso de *J. Arbona & Hno.* v. *Registrador de la Propiedad de San Germán* que resolvimos el 31 de mayo de este año (46 D.P.R. 828) dijimos con respecto a un contrato de refacción agrícola que el registrador se negó a inscribir por contener una novación de otro contrato anterior inscrito, lo siguiente:

"... El registrador puede estar en lo cierto respecto a que lo que se hizo aquí fué una novación del contrato, pero calificar de novación un contrato no equivale en forma alguna a decir que las partes no pueden celebrar una novación, si así lo desean, siempre que con ello no se perjudique á terceros. Nada hay en las escrituras o en la nota que se transcribe que demuestre que alguien pudiese haber sido lesionado o perjudicado por la inscripción, a no ser las mismas partes contratantes, y ellas no se quejan, ni probablemente creyeron que tenían razón alguna para quejarse."

En la misma situación se encuentra este caso en el que según la nota de inscripción puesta por el registrador al calce de la escritura de cesión del crédito hipotecario, dicho

crédito no está gravado con carga alguna por lo que la anterior doctrina es aplicable al presente.

*La nota recurrida debe ser revocada y ordenarse la inscripción solicitada.*